# JAKE MODLA LAW, PLLC

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

Re:  Mayes v. T E Connectivity Corporation; Case No: 2017-CP-46-03662

**Dear Sir:**

As the Registered Agent for T E Connectivity Corporation, please find enclosed the Summons and Complaint in **Mayes v. T E Connectivity Corporation; Case No: 2017-CP-46-03662**. If you have any questions, please contact me.

Very truly yours,

Jake Modla
Jake Modla Law, PLLC

North Carolina: 3440 Toringdon Way, Suite 205, Charlotte 28277
South Carolina: 454 S. Anderson Rd, Suite 303, Rock Hill, 29730
WEBSITE: jakemodlalaw.com

North Carolina: 980-265-2330
South Carolina: 803-328-0898
EMAIL: jm@jakemodlalaw.com

STATE OF SOUTH CAROLINA,          )         IN THE COURT OF COMMON PLEAS
                                  )
COUNTY OF    YORK                 )
                                  )
Debra G. Mayes                    )         SUMMONS
                        Plaintiff, )
                                  )
vs.                               )         FILE NO. 2017-CP-46- O3662
                                  )
Kelly Services, Inc and T.E. Connectivity )
Corporation.                      )
                        Defendant. )

TO THE DEFENDANT ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Rock Hill, South Carolina

Dated: December 9, 2017

                                    Plaintiff/Attorney for Plaintiff

          Address:     454 S. Anderson Rd.
                      Suite 303
                      Rock Hill, SC 29730

FILED-RECEIVED
2017 DEC 11 PM 2:54
DAVID HAMILTON
C.C.P.&G.S.
YORK COUNTY, SC

SCCA 401 (5/02)

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) IN THE COURT OF COMMON PLEAS |
| **COUNTY OF YORK** | ) IN THE SIXTEENTH CIRCUIT |
| **Debra G. Mayes,** | ) CASE NO. 2017-CP-46-03662 |
| **Plaintiff,** | ) |
| **v.** | ) **COMPLAINT** |
| **Kelly Services Inc., and** | ) **(Jury Trial Demanded)** |
| **T.E. Connectivity Corporation.** | ) |
| **Defendants.** | ) |

Plaintiff, Debra G. Mayes, by and through her attorney, complains against the Defendants as follows:

1. Plaintiff is a female citizen and resident of York County, South Carolina.

2. Defendant Kelly Services Inc. (hereinafter "Kelly") is a Delaware corporation, licensed to do business in South Carolina, and which owns and operates a facility located at 1435 Riverchase Blvd., Suite 101, Rock Hill, York County, South Carolina.

3. Defendant T. E. Connectivity Corporation (hereinafter "T.E.") is a Pennsylvania corporation, licensed to do business in South Carolina, and which owns and operates a facility located at 200 Interconnect Drive, Rock Hill, York County, South Carolina.

4. The acts and omissions giving rise to this Complaint and causes of action occurred in York County, South Carolina.

5. This Court has jurisdiction over the claims and causes of action raised in this Complaint and venue is proper in this Court.

### ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed charges of discrimination with the U. S. Equal Employment Opportunity Commission ("EEOC") on December 22, 2016, alleging gender discrimination, a hostile work environment, wrongful termination and retaliation (EEOC Charge No. 430-2017-00466 as to Defendant Kelly and EEOC Charge No. 430-2017-00454 as to Defendant T.E.).

7. On September 13, 2017, Plaintiff was issued Notices of Right to Sue from the EEOC as to both Defendants entitling her to commence an action under Title VII of the Civil Rights Act of 1964 within 90 days of receipt of that Notice.

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this matter.

## FACTUAL ALLEGATIONS

9.  Kelly provides worker/employee staffing services to businesses in South Carolina. Kelly recruits and assigns employees to its client's workforce. Plaintiff was hired by Kelly in August 2016 and assigned to work at Defendant T.E.

10. Prior to being hired by Kelly, Plaintiff submitted a job application to Kelly and had a + interview with Kelly. Once she was hired, Plaintiff received an employment orientation from Kelly and received policy and procedure documents from Kelly. Included in the material from Kelly was a document which explained how Plaintiff could report workplace problems, which might occur during her job assignment.

11. Plaintiff was placed by Kelly into a full-time temporary position at Defendant T.E.

12. Plaintiff was assigned by Kelly to work at Defendant T.E on the third shift working in the Mold Department. Plaintiff's work hours were 10pm to 6am. Plaintiff was assigned to the job of Mold Helper.

13. Throughout her employment, Plaintiff's wages were paid by Defendant Kelly.

14. At Defendant T.E., Plaintiff's supervisor was Malcolm Crosby. Mr. Crosby was employed by Defendant T.E. Mr. Crosby was responsible for supervising Plaintiff and making job assignments to Plaintiff. T.E. was responsible for training Plaintiff and providing day to day instruction on the performance of her job.

15. Plaintiff was the only female assigned to the Mold Department.

16. At all times relevant to this Complaint, Plaintiff was jointly employed by Kelly and Defendant T.E.

17. Throughout her employment, Plaintiff's job performance was satisfactory.

18. Beginning on her first day of work, August 8, 2016, Plaintiff was harassed, subjected to a hostile work environment and discriminated against because of her sex/gender.

19. When Plaintiff reported to Malcolm Crosby on August 8, 2016, Mr. Crosby was surprised to learn Plaintiff had been assigned to his area and stated: "Only men worked in his area. We don't need no women over there."

20. On a daily basis, Plaintiff's male co-workers who were employed by T.E. made hostile comments to her or subjected Plaintiff to hostile treatment, including but not limited to a) told Plaintiff women could not do the work, b) told Plaintiff they were going to get her fired, c) asked Plaintiff if she smoked crack or weed or sleep with men on the job, d) told Plaintiff she was too old for the job, e) refused to train Plaintiff to perform job tasks, f) male co-workers would yell and scream at Plaintiff g) a male colleague told Plaintiff he wanted to pour oil on her body and lick it off and h) Plaintiff was told by male co-workers the men did not want an old woman in the department. Male employees were not subjected to this type of treatment.

21. Plaintiff repeatedly told her male coworkers to stop the harassing behavior. However, the male coworkers refused the requests and the behavior continued.

22. Malcolm Crosby was aware of the mistreatment directed at Plaintiff by her male co-workers. On multiple occasions, Mr. Crosby witnessed the harassment. Mr. Crosby's reaction to the mistreatment was to laugh. Mr. Crosby never took steps to stop the harassment and mistreatment.

23. Plaintiff complained to Mr. Crosby on multiple occasions about her male coworker's behavior; however, Mr. Crosby ignored the complaints and the harassment and mistreatment continued.

24. Approximately three weeks after the start of her assignment at T.E., Plaintiff contacted Kelly Staffing Supervisor Shirley Hosking to ask about the ability to transfer to a different job assignment. During this conversation, Plaintiff told Ms. Hosking about the misconduct of her male co-workers. Ms. Hosking told Plaintiff she would look into the situation Plaintiff never heard back from Ms. Hosking. In calling Ms. Hosking, Plaintiff was following the policies and procedures given to her by Kelly at the inception of her employment.

25. On September 22, 2016, Plaintiff received a telephone call from Shirley Hosking. Ms. Hosking informed Plaintiff her assignment at T.E was terminated because "things did not work out." Plaintiff received no further explanation for her discharge. During this call, Plaintiff reiterated to Ms. Hosking her complaints regarding her treatment at T.E.

26. Several days after her termination, Plaintiff went to the offices of Kelly and spoke with T.E Human Resource Manager Karol Lowery. Once again, Plaintiff outlined the misconduct and mistreatment she suffered at the hands of her male co-workers. Ms. Lowery told Plaintiff she would look into her complaints. Plaintiff never heard back from Ms. Lowery or anyone else from T.E.

27. Following her termination from her job assignment at T.E., Plaintiff did not receive any further job assignments from Kelly.

28. Neither Kelly or T.E did anything to respond to Plaintiff's complaints of harassment, and hostile work environment.

29. Kelly and T.E retaliated against Plaintiff by terminating her employment/job assignment and refusing her future job assignments because of her complaints regarding harassment and hostile work environment.

30. Kelly and T.E.'s actions have been willful, wanton and in reckless disregard of the rights of Plaintiff.

### FIRST CAUSE OF ACTION-DISCRIMINATION BASED ON SEX-HOSTILE WORK ENVIRONMENT- AGAINST BOTH DEFENDANTS

31. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

32. During Plaintiff's employment/job assignment, Plaintiff was subjected to harassment and a hostile work environment because of her sex/gender in violation of Title VII of the Civil Rights Act of 1964.

33. Kelly and T.E discriminated against Plaintiff because of her sex/gender in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964 by discharging and otherwise discriminating against her, by engaging in, tolerating or failing to prevent the harassment alleged above and by failing to take affirmative action to correct and redress these unlawful acts and employment practices.

34. Plaintiff's male co-workers engaged in inappropriate and harassing behavior directed at Plaintiff because of her sex/gender that a reasonable person would find hostile and abusive, that was in fact offensive to Plaintiff, and that she deemed harassing.

35. Plaintiff's male co-worker's behavior was inappropriate and harassing and was unwelcome.

36. Kelly and T.E failed, after actual knowledge of the illegal conduct, to take prompt and adequate action to address the harassment or remedy the unlawful termination of Plaintiff.

37. The harassment Plaintiff suffered was sufficiently severe and pervasive so as to create an intimidating, hostile, and offensive work environment.

38. Plaintiff was terminated because she was female.

39. Similarly situated male employees were not treated like Plaintiff.

40. Wherefore, Plaintiff requests a trial by jury on her Title VII harassment/ hostile work environment and termination claim. As a direct and proximate result of Kelly and T. E's violation of Plaintiff's rights under Title VII she has suffered, lost wages, benefits and other pecuniary losses. In addition, she has suffered emotional distress as a result of the wrongful and illegal conduct. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

41. Kelly and T. E's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION-RETALIATION-AGAINST BOTH DEFENDANTS**

42. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

43. During the course of Plaintiff's employment, Plaintiff was retaliated against in violation of Title VII of the Civil Rights Act of 1964 and subjected to less favorable terms and conditions of employment than similarly situated employees because she opposed illegal, discriminating and harassing behavior and complained about her male co-workers to Kelly and T. E's supervisors, managers and agents.

44. Plaintiff was terminated and denied future job assignments in retaliation for complaining about harassment and a hostile work environment.

45. Kelly and T.E discriminated against Plaintiff in violation of Section 704 of Title VII of the Civil Rights Act of 1964 by discharging her and refusing her future job assignments

because of her complaints and opposition to the unsolicited and unwelcome comments and hostile work environment.

46. Wherefore, Plaintiff requests a trial by jury on her Title VII retaliation claim. As a direct and proximate result of Kelly and T. E's violation of Plaintiff's rights under Title VII, she has suffered, lost wages, benefits and other pecuniary losses. In addition, she has suffered emotional distress. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

47. Kelly and T. E's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

48. Upon the trial of this matter, Plaintiff prays that the Court enter Judgment for her and award the following relief:

    A.  Nominal, actual and compensatory damages;

    B.  Punitive damages;

    C.  The costs of this action, including reasonable attorney's fees and costs;

    D.  Pre-judgment interest on all amounts for which pre-judgement interest is legally allowable;

    E.  All other relief whether legal, equitable or injunctive, as this Court deems just and necessary.

Respectfully Submitted

JAKE MODLA LAW, PLLC

BY: _____

Jacob J Modla (#0063031)

Jake Modla Law, PLLC.

454 S. Anderson Rd.

Suite 303

Rock Hill, SC 29730

T: 803-328-0898

jm@jakemodlalaw.com

December 9, 2017                    **ATTORNEY FOR PLAINTIFF**



U.S POSTAGE
PAID
ROCK HILL, SC
29732
MAR 27 '18
AMOUNT

$6.91
R2303S101558-03

29201    1000

UNITED STATES
POSTAL SERVICE®

CERTIFIED MAIL®

7017 3040 0000 6796 7412

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

29201-266074

JAKE MODLA LAW, PLLC

N.C.: 3440 Toringdon Way, Suite 205, Charlotte, 28277
S.C.: 454 S. Anderson Rd, Suite 303, Rock Hill, 29730